UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)
CIVIL ACTION NO. 5:24-290-DCR

VALENTINA FRYMEYER                                                    PLAINTIFF

VS.

MADISON COUNTY DETENTION
CENTER ET. AL.                                                        DEFENDANTS

---

**RESPONSE TO DEFENDANT WEST KENTUCKY
CORRECTIONAL HEALTHCARE'S MOTION TO DISMISS**

---

Comes the Plaintiff, Valentina Frymeyer, and in response to Defendant West Kentucky Correctional Healthcare's ("WKCH") motion to dismiss, the Plaintiff states as follows:

**I.      INTRODUCTION:**

The Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134, prohibits jails from denying access to medications for opioid use disorder (OUD) without individually assessing the medical needs of those to whom it is denying access. Jails provide health care services to those they incarcerate. The ADA requires that people with OUD be given an equal opportunity to benefit from those services. The ADA also requires that jails make reasonable modifications to their policies or practices to avoid discriminating against incarcerated individuals with disabilities. For many individuals with OUD, effective treatment for their disability will include the use of medications approved by the United States Food and Drug Administration (FDA) to treat OUD. Thus, when a jail categorically limits access to OUD medications, without individually assessing whether they may be medically necessary to treat specific individuals with OUD, the jail and the medical provider is acting with deliberate

1

indifference towards a serious medical need and the jail denies those individuals an equal opportunity to benefit from its healthcare services and violates the ADA. Plaintiff brought this action against the Defendants for violating her rights under the United States Constitution, the ADA, and state negligence law when they refused to provide her with the methadone that she had been prescribed to treat her OUD before her incarceration. As a result of their refusal to provide her with her prescribed methadone, the Plaintiff suffered a tragic miscarriage when she was thirty-eight (38) weeks pregnant.

First, WKCH argues that it is not subject to suit under Title II of the ADA because it does not qualify as a "public entity" as it is defined under 42 U.S.C. § 12131. Next, WKCH argues that the Plaintiff alleged insufficient facts to state a claim for deliberate indifference against WKCH. Finally, WKCH argues that Plaintiff's negligence per se claim should be dismissed because the Plaintiff did not allege a violation of law to support such a claim and that the Plaintiff's negligence claim should be dismissed for failure to state a claim. For the following reasons, Plaintiff voluntarily dismisses Count I of Complaint against WKCH alleging a violation of Title II of the ADA. However, the remainder of WKCH's motion to dismiss should be denied.

## II.    STANDARD OF REVIEW:

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's pleading must meet the plausibility standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In order to have "facial plausibility," the Plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556). This requires that the plaintiff plead sufficient factual matter to show it is entitled to relief under a viable legal theory. *See Left Fork*

*Min. Co. v. Hooker*, 775 F.3d 768, 773 (6th Cir. 2014). "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012). All factual allegations made by the Plaintiff in its Complaint must be construed as true and in the light most favorable to the Plaintiff as the non-moving party. *See Left Fork Min. Co.*, 775 F.3d at 773. The *Twombly* decision itself noted that its "plausibility" standard only required "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. 550 U.S. at 556. Pursuant to this standard, the Court should deny the Defendants' motion to dismiss.

**III. ARGUMENT:**

    **A. Plaintiff Voluntarily Dismisses Count I of Her Complaint Against WKCH Alleging a Violation of Title II of the ADA.**

Plaintiff acknowledges that the Sixth Circuit has not addressed the issue of whether a private company contracted to provided medical care to a local jail qualifies as a public entity under Title II of the ADA. However, as WKCH pointed out in its motion to dismiss, the Federal District Court for the Western District of Kentucky in *Johnson v. Wellpath*, 2023 WL 4240756, *3 (W.D. Ky. 2023) and *Johnson v. Calloway County Jail*, 2023 WL 4370425, *3 (W.D. Ky. 2023)(holding WKCH is not a public entity subject to suit under the ADA) determined WKCH is not a public entity as defined by 42 U.S.C. § 12131. WKCH also correctly cited to other Circuit rulings that have held that a private company contracting with a public entity jail may not be considered a public entity for purposes of Title II of the ADA. These Circuits and the Western District of Kentucky Court holdings make it clear though that when public and private entities act jointly, the public entity is responsible for compliance with Title II. In this case, the Plaintiff has a valid claim for a violation of Title II of the ADA against the Madison County Detention Center and the Madison County Jailer, Steve Tussey, in his official capacity. The Madison

3

County Detention Center under the direction and supervision of its' Jailer, Steve Tussey, and is the public entity responsible for compliance with Title II of the ADA. As such, the Plaintiff voluntarily dismisses her ADA claim against WKCH and will continue to pursue that claim against the Madison County Detention Center and Madison County Jailer Steve Tussey.

### B. Plaintiff Has Alleged Sufficient Facts to State a Claim for Deliberate Indifference Against WKCH.

WKCH mistakenly argues that the Plaintiff has failed to identify a WKCH policy or custom "as the driving force behind her constitutional injury." (R. 10-1, at Pg. 5). "A private entity, such as [WKCH], that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function." *Winkler v. Madison Cnty.*, 893 F.3d 877, 893 (6th Cir. 2018); *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). However, "[l]ike a municipality, [WKCH] cannot be held liable on a respondeat superior theory"; instead, a plaintiff must identify "a policy or custom" that caused the constitutional violation. *Winkler*, 893 F.3d at 904 (quoting *Johnson*, 398 F.3d at 877); *Grose v. Corr. Med. Servs., Inc.*, 400 F. App'x 986, 989 (6th Cir. 2010).

In this case, the Plaintiff identified in her Complaint "a policy or custom" of WKCH that caused the Plaintiff's injury and constitutional violation. Specifically, in numerical paragraph 54 of Plaintiff's Complaint under "Count II: 42 U.S.C. SECTION 1983 - Deliberate Indifference To Serious Medical Needs.." the Plaintiff states and alleges that "The actions of the Defendants were in furtherance of, and consistent with, one or more policies or practices established by the Defendants." The said actions by the Defendants were incorporated by reference from the preceding paragraphs of the Complaint. These actions as alleged and incorporated from the preceding paragraphs of the Complaint clearly and adequately allege that the WKCH had a policy or custom of denying inmates their validly prescribed medication for Opioid Use Disorder

4

("OUD"). OUD, as spelled out in Plaintiff's Complaint, is a serious medical condition that requires treatment.

The *Twombly* decision itself noted that its "plausibility" standard only required "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. 550 U.S. at 556. The process of discovery will undoubtedly reveal additional evidence that proves that the Plaintiff's injuries "occurred pursuant to some official policy of the entity, such that it can be said to have caused its employee(s) to violate her rights." (R.10-1 at Pg. 5 citing *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 692 (1978)). Accordingly, Plaintiff has alleged sufficient facts to state a claim for deliberate indifference against WKCH.

    **C. Plaintiff Does Allege Violations of Law To Support a Cause of Action for Negligence *Per Ser*.**

As WKHC states in their Motion, a cause of action for negligence *per se* is codified in KRS 446.070.

> "Negligence *per se*, ... is a negligence claim with a statutory [or regulatory] standard of care substituted for the common law standard of care. KRS 446.070 codifies the doctrine of negligence *per se*, and provides: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

*Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012) Id. at 213 (Brackets in original; citations and quotation marks omitted).

KRS 441.045(1) requires that "[t]he county governing body ... prescribe rules for the ... comfort and treatment of prisoners, provided such rules are consistent with state law." Subsection (2) of the statute provides that "[w]illful violation of the rules promulgated pursuant to subsection (1) of this section shall be deemed a violation." Kentucky Courts have found a "willful violation" where: a contractor violated zoning regulations (*Wolhoy Construction, LLC v.*

5

*City of Bellefonte*, No. 2007-CA-000550-MR (Ky. App. April 11, 2008)), and where the employee of an electrical contractor failed to wear rubber gloves while working on live wires (*Public Service Com'n v. Jackson County Rural Elec. Co-op., Inc*., 50 S.W.3d 764, 769 (Ky. App. 2000)). Here, Plaintiff's Complaint plausibly alleges that WKHC knew that the Plaintiff was pregnant and prescribed methadone by a physician for her OUD. 501 KAR 3:090(20) specifically states that:

> "A prisoner who has been prescribed treatment by a recognized medical authority and cannot receive that treatment in the jail shall be moved to another confinement facility that can provide the treatment or may be moved to a hospital."

The Plaintiff was prescribed treatment for her OUD by a recognized medical authority. WKHC denied her that treatment and failed to have her moved to another facility that could provide her the treatment that she needed while she was 38 weeks pregnant. Because she did not received the prescribed treatment, the Plaintiff had a tragic miscarriage. KRS 446.070 provides an independent cause of action for a person harmed by violation of a statute. KRS 441.045 mandated the creation of KAR 3:090(20), and provides the foundation for a finding of negligence *per se*.

### D. Plaintiff's Amended Complaint Does State a Claim for Negligence against WKCH & Its Employees.

Kentucky imposes a duty of reasonable care to avoid foreseeable injury. *See Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 44 (6th Cir. 2009) (quoting *Lee v. Farmer's Rural Elec. Coop. Corp.*, 245 S.W.3d 875, 891 (Ky. Ct. App. 2007), *abrogated on other grounds by Reeves v. Walmart, Inc.*, No. 2020-CA-0679, 2021 WL 2753244 (6th Cir. July 2, 2021)) ("In Kentucky, there is a universal duty of care which requires 'every person . . . to exercise ordinary care in his activities to prevent foreseeable injury.'"). The general standard of care matters here, but also the more particular standard of care in a malpractice setting. *See Matthews v. Robinson*,

52 F. App'x 808, 809–10 (6th Cir. 2002) (citing *Reams v. Stutler*, 642 S.W.2d 586, 588 (Ky. 1982)) ("Under Kentucky law, a plaintiff alleging medical malpractice must prove that a medical provider failed to adhere to the standard of care of a reasonably competent practitioner in the same medical field, proximately causing the plaintiff['s] injury."). Plaintiff specifically alleged that:

> "Defendants refusal to provide Plaintiff Frymyer with her methadone, which is not the medical standard of care, disregards the express judgment of her treating physician who placed her on the methadone treatment plan, and also disregards sound medicine, including the broad consensus in the scientific community."

(R. 6, ¶31).

WKCH erroneously argues that Plaintiff's amended complaint is "devoid of factual allegations to establish the underlying liability of WKCH's employees or the liability of WKCH directly." (R.10-1, at Pg. 7). To make such a statement is to ignore the factual allegations contained in Plaintiff's amended complaint and specifically numerical paragraph 31 above. The facts in this case are clear – WKCH and its unknown employees refused and failed to provide the Plaintiff with her prescribed methadone to treat her OUD while she was 38 weeks pregnant. This failure led to the Plaintiff's miscarriage and death of her unborn child. These facts are not "recitals of the elements" or "conclusory statements." This is pure misconduct on behalf of WKCH and its employees. Thus, WKCH's motion should be denied.

Respectfully Submitted,

*/s/ Noel Caldwell*
Noel Caldwell
NOEL CALDWELL ATTORNEY AT LAW PLLC
153 Market Street
Lexington, Kentucky 40507
Telephone:   859-494-4780
Facsimile:   859-231-7588
ncaldwell@noelcaldwell.com

AND

Ryan Biggerstaff
BIGGERSTAFF LAW OFFICE PLLC
Post Office Box 1471
Lexington, Kentucky 40588
Telephone:    606-219-2688
Ryan@biggerstafflawoffice.com

AND

Erik S. Young
ERIK S. YOUNG, PLLC
169 East Reynolds Road, Suite 203A
Lexington, KY 40517
859-699-3791
erik@esylegal.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice has been served on all counsel of record by filing same with the Court's ECF system which will distribute same to all counsel of record and the Court this 29th day of January, 2025.

                                              */s/ Noel Caldwell*
                                              NOEL CALDWELL
                                              Attorney for Plaintiff