UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

|  |  |  |
|---|---|---|
| VALENTINA FRYMYER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-290-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MADISON COUNTY DETENTION | ) | **MEMORANDUM OPINION** |
| CENTER, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

There are two pending motions to dismiss before the Court. The first involves Defendants Madison County Jailer Steve Tussey, in his individual capacity, and Madison County Detention Center ("MCDC"). [Record No. 22-1] That motion seeks dismissal the claims against them pursuant to Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and insufficient service of process. *Id.* Tussey filed a separate motion under the same rules but requests dismissal of the claims asserted against him in his official capacity. [Record No 27-1] After reviewing the parties' arguments, the motions will be denied because a discretionary extension of time is warranted under *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). Plaintiff Valentina Frymyer will be given an additional thirty days to serve those defendants.

**Arguments**

Tussey and MCDC (collectively, the "County defendants") argue that Frymyer's service was faulty under Rule 4(e) of the Federal Rules of Civil Procedure and Kentucky law. [Record No. 22-1 at 3] Rule 4(e)(1) allows service "by following applicable state law for

serving a summons." And Kentucky law permits service by certified mail as long as it is "signed for and accepted by the defendant." *Colebrook v. Ky. Dep't of Motor Vehicle Enforcement*, 2010 WL 4979072, at *3 (E.D. Ky. Dec. 2, 2010) (citing *Douglas v. Univ. of Ky. Hosp.*, 2008 WL 2152209 (Ky. App. May 23, 2008)). Frymyer had her Amended Complaint and summons delivered by certified mail to Jailer Tussey and MCDC at the detention center, but she did not include "instructions to the delivering postal employee to deliver to the addressee only" as required by Rule 4.01(a) of the Kentucky Rules of Civil Procedure. [Record 26 at 2] As a result, Sherry McIntosh, an employee at the MCDC, signed the mail return cards. The County defendants insist that Frymyer's failure to follow the law does not constitute good cause. *Id.* at 2–3.

However, Frymyer contends that she had a good faith belief that the County defendants were properly served because McIntosh's signature was illegible except for the "S," which happens to be the same letter in Tussey's first name (Steve). [Record No. 25 at 5] She further claims that McIntosh did not print her name on the return receipt which contributed to Frymyer's delay in discovering that the service was improper. *Id.* at 4.

Frymyer moved for an extension of time in her response to serve the County defendants for good cause shown under Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* She insists that, in the time between receiving the signed receipt (December 19, 2024) and the County defendants' first motion to dismiss (February 26, 2025), she was unaware the service was inadequate. *Id.* She now concedes that those defendants were not properly served. *Id.* at 4.

The County defendants dispute Frymyer's claim that she was not on notice that service was improper before February 26. [Record No. 22-1 at 2 n.2] Their counsel recalls speaking with Frymyer's attorney and informing him in January that the signatures on the return cards

- 2 -

were not Tussey's.  *Id.*  The County defendants also allege that MCDC's service was wholly improper because it is merely a building and not an entity that can be sued.  *Id.* at 4.  Frymyer contends that the claim against MCDC should be construed as a claim against Madison County because the Amended Complaint makes clear that it alleged violations stemming from a policy or custom.  [Record No. 25 at 6–7]

The second motion to dismiss largely tracks the first.  [Record No. 27-1]  There, Tussey argues that suing him in his "official capacity is actually a claim against the county itself."  *Id.* at 3 (citing *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); *Fox v. Van Oosterum*, 176 F.3d 342, 347–48 (6th Cir. 1999)).  Rule 4(j)(2) of the Federal Rules of Civil Procedure provides that defendants sued in their official capacity may be served by (a) "delivering a copy of the summons and of the complaint to its chief executive officer," or (b) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Under Kentucky law, such service may be made to the county judge executive or, if he or she is absent, the county attorney.  Ky. R. Civ. P. 4.04(7).  Tussey argues that the claims against him in his official capacity should likewise be dismissed because no such service was made.  [Record No. 27-1 at 5]

Again, Frymyer seems to concede that service was improper.  In addition to arguing that good cause exists to expand the time for service, she asserts that, absent good cause, the *Oakland Physician* factors weigh in her favor.  [Record No. 30 at 6–7] (citing *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022)).  Tussey disagrees and insists that those factors weigh in his favor and support dismissal.  [Record No. 31-1 at 5–7]

**Legal Standard**

"Rule 4(m) of the Federal Rules of Civil Procedure sets forth the timeline for effecting service of process, as well as the scenarios that warrant enlarging that timeframe." *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 568.  The rule provides

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Absent good cause, a court retains jurisdiction to determine whether a discretionary extension is nonetheless warranted.  *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 568 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).  That inquiry asks the court to consider the following factors:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, *i.e.*, would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians*, 44 F.4th at 569.  "How a district court should respond to a motion to enlarge the time for service of process depends on the circumstances."  *Id.* at 568.

"When a defendant files a motion to dismiss under Rule 12(b)(5), the plaintiff bears the burden of executing due diligence in perfecting service of process and showing that proper service was made."  *O'Brien v. Child.'s Home of N. Kentucky*, No. 3:22-CV-00066, 2025 WL 645870, at *2 (E.D. Ky. Feb. 26, 2025) (cleaned up) (quoting *Spencer v. Caracal Int'l, LLC*,

- 4 -

516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021)).  "When reviewing . . . 12(b)(5) motions, the Court "may refer to record evidence" and facts in "uncontroverted affidavits."  *Thomas v. Navient Sols., Inc.*, No. 2: 17-CV-12232, 2018 WL 3141946, at *1 (E.D. Mich. June 27, 2018) (citing *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006)).

## Analysis

Frymyer concedes that the County defendants' service was improper.  Rather, she insists that good cause exists because she had a good faith belief that Tussey had signed the certified mail contact cards.  However, her failures to follow the proper procedures under Kentucky law and the Federal Rules of Civil Procedure foreclose this argument.  *Johnson v. Smith*, 835 Fed. Appx. 114, 115 (6th Cir. 2021) (explaining that "mistake of counsel or ignorance of the rules" is not good cause).  Finding no good cause, the Court will now turn to the *Oakland Physician* factors to determine whether an equitable extension is warranted.

Three factors can quickly be disposed of because they either do not apply or are uncontested.  Factor six does not apply because the plaintiff is not proceeding n a *pro se* capacity.  Regarding factors two and four, the County defendants concede that they would not be prejudiced beyond having to defend the suit and that Frymyer would be time-barred if her claims against them were dismissed.  [Record No. 31 at 6]  Therefore, they agree those factors weigh in her favor.  *Id.*  Indeed, the fourth factor weighs heavily in favor of denying dismissal. As the parties acknowledge, if the Court dismisses the claims against the County defendants, they are time-barred and cannot be re-filed.  This would severely prejudice the plaintiff and weighs heavily in her favor.

Factor one considers "whether an extension of time would be well beyond the timely service of process."  Frymyer first requested to expand her time to properly serve the County defendants on March 19, 2025, in her response to their first motion to dismiss.  [Record No. 25]  She alleges that she did not know *for certain*[1] that Tussey did not sign the contact cards until the first motion was filed on February 26.  The Court could have granted her request on the day she tendered her response but elected to allow the motion (and the subsequent substantially similar motion) to be fully briefed.  As the County defendants contend, service would be well beyond the timely service of process at this point.  [Record No. 31 at 6] (explaining that service was due by January 13, 2025).  However, the plaintiff first requested an expansion of time two months ago.  The Court views this factor as neutral.

The third factor considers whether the defendant had actual notice of the suit.  Counsel for the County defendants claim that he was unaware of this action until January 19, 2025.  However, an employee at MCDC signed that the Amended Complaint and summons were received a full month earlier.  The County defendants' argument that this did not provide notice to "Madison County—the real party in interest with respect to the official-capacity claims against Jailer Tussey" is unconvincing.  [Record No. 31 at 7]  Tussey was still jailer at that time and surely MCDC has some procedure in place for notifying the County of claims against its officials in their official capacity.  And as the County defendants argue, a suit against Tussey in his official capacity is a suit against the county.  [Record No. 27-1 at 3] (explaining that

---

[1]  Tussey notes in his reply to the second motion to dismiss that Frymyer's response to the Court's show cause on February 24 acknowledged that present counsel "did not believe that [the County defendants] were properly served."  [Record No. 31 at 4] (citing Record No. 20).  However, Frymyer insists that it was not until McIntosh's affidavit that she learned for certain that the cards were not signed by Tussey.

suing Tussey in his "official capacity is actually a claim against the county itself"). While counsel for the County defendants contends that he was unaware of the lawsuit at that time, he does not argue that Tussey or Madison County also lacked actual notice. It is unlikely that Tussey had no actual knowledge of the claims against him, considering that he had yet to retire on the date the Amended Complaint and summons were delivered. It is also unlikely that Tussey or someone else at MCDC did not notify the County of the pending lawsuit. Therefore, this factor falls in the plaintiff's favor.

The fifth inquiry considers "whether plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies." Here, the plaintiff did make a good faith effort (though imperfect) to serve the County defendants. After confirming the deficiencies, Frymyer moved for an extension to file under Rule 4(m) in her response to the first motion to dismiss. The Court does not perceive the errors in Frymyer's service or waiting until her response to move for an expansion as lacking in good faith or diligence. Additionally, her delay (despite this Court's show cause order for failure to prosecute) in seeking a default judgment was to allow the County defendants ample time to sort out legal representation and respond to the Amended Complaint. [Record No. 20] (explaining that "out of professional courtesy, the undersigned counsel did not file a request for default or default judgment against" the County defendants).

The seventh factor asks the Court "whether any equitable factors exist that might be relevant to the unique circumstances of the case." Neither party spends much time discussing this factor, but the undersigned notes that Frymyer alleges (among other things) that the County defendants' actions caused her to deliver her daughter stillborn because she was denied her methadone treatment while incarcerated and MCDC. Not commenting on the merits of her

claims, the loss of a child is not something that can be remedied by monetary damages or otherwise. This equitable factor supported not dismissing a claim based on a procedural deficiency. Further, as Frymyer aptly notes, "in this circuit, there is a well-established preference for deciding cases on the merits rather than on procedural deficiencies." [Record No. 30 at 8] (quoting *Hollon v. Hca Healthcare, Inc*, No. 3: 22-CV-52-KKC, 2024 U.S. Dist. LEXIS 104391, at *13 (E.D. Ky. June 12, 2024) (citations omitted)).

Two issues remain. First is whether Frymyer's claims against MCDC can be construed as claims against Madison County. Frymyer contends that the Amended Complaint makes clear that her claims are against the County because it alleges that MCDC "is a governmental department of Madison County, Kentucky" and addresses the policies and customs of the defendants. [Record 25 at 6] As long as Madison County "receives notice and an opportunity to respond," a suit against Tussey in his official capacity imposes liability on the County because it is the entity he represents. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citations omitted). In this case, Madison County was (or soon will be) put on notice of the claims against it and will be given an opportunity to respond to Frymyer's allegations.

The case the County defendants cite, *Thomas v. Kenton Cnty. Det. Ctr. Med. Staff*, No. 2: 14-CV-166-WOB, 2015 WL 3916267 (E.D. Ky. June 25, 2015), is distinguishable because the plaintiff had not specified whether any defendants were sued in their individual or official capacities. Further, the court was resolving a 12(b)(6) motion on the sufficiency of the Complaint. Here, the Court is only considering the sufficiency of service. Construing the plaintiff's claims against MCDC (or Tussey in his official capacity) as claims against Madison County says nothing of the sufficiency of the Amended Complaint's allegations against it.

- 8 -

The second issue left unresolved is how much time the Court should provide Frymyer to perfect service. The plaintiff requests thirty days to serve the County defendants. In support, she claims that this period is warranted because Tussey has since retired as jailer, which means he will need to be served at his personal residence. Considering the circumstances, a thirty-day expansion is warranted. Nonetheless, Frymyer is advised to act with diligence to perfect service.

## Conclusion

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1.      Defendants Madison County Detention Center and Madison County Jailer Steve Tussey's Motion to Dismiss in his individual capacity [Record No. 22-1] under Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure is **DENIED**.

2.      Defendant Madison County Jailer Steve Tussey's Motion to Dismiss in his official capacity [Record No. 27-1] under Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure is **DENIED**.

3.      Plaintiff Valentina Frymyer's construed motions [Record Nos. 25 and 30] to expand her time to serve Defendants Madison County Detention Center and Madison County Jailer Steve Tussey are **GRANTED**. Frymyer has until **June 23, 2025**, to perfect service upon those defendants. She is directed to notify the Court *immediately* upon completion of service.

Dated: May 23, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky